E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0758
     Facsimile: (213) 894-0141
     E-mail:    alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>TREVOR HURD,<br>   aka "C-Mac,"<br><br>             Defendant. | No. 2:23-cr-00488-DSF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**    01-30-24<br>**PROPOSED TRIAL DATE:**   04-30-24 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander H. Tran, and defendant Trevor Hurd ("defendant"), both individually and by and through his counsel of record, Deion A. Benjamin, hereby stipulate as follows:

1.   The Indictment in this case was filed on October 4, 2023. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 5, 2023.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 13, 2024.

2.   On December 5, 2023, the Court set a trial date of January 30, 2024 and a status conference date of December 11, 2023.

3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 2-3 days.

4.   By this stipulation, defendant moves to continue the trial date to April 30, 2024.  This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 18 U.S.C. § 922(g)(1):  Felon in Possession of Ammunition.  The government has produced discovery to the defense, including 212 pages of law enforcement reports, photographs, criminal history records, and audio and video recordings.

b.   Defense counsel represents that he is presently scheduled to be in the following jury trials: (1) People v. Taj Condoll (Case# BA503065 CCB Courthouse), trial date in January 2024; (2) People v. Bryan Rachal (Case# BA492783 CCB Courthouse), trial date in March 2024; (3) People v. Makelle Womack (Case# BA501735 CCB Courthouse), trial date in March 2024; and (4) People v. Reginald Hardin (Case# BA492895-03 CCB Courthouse), trial date in April 2024. Accordingly, defense counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with

defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.    The government does not object to the continuance.

f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of the date of the corresponding Order to April 30, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a

3

miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 12/13/2023                     Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      *Alexander H. Tran*
                                      ALEXANDER H. TRAN
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

4

1    I am TREVOR HURD's attorney.  I have carefully discussed every

2 part of this stipulation and the continuance of the trial date with

3 my client. I have fully informed my client of his Speedy Trial

4 rights.  To my knowledge, my client understands those rights and

5 agrees to waive them.  I believe that my client's decision to give up

6 the right to be brought to trial earlier than April 30, 2024 is an

7 informed and voluntary one.

8

9 DEION A. BENJAMIN                        Date 12-13-23
  Attorney for Defendant
10 TREVOR HURD

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than April 30, 2024.

16

17 TREVOR HURD                              Date 12-7-23
  Defendant

18

19

20

21

22

23

24

25

26

27

28